UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DAVID FOLEY, | ) | No. CV-08-3068-JPH |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' |
| | ) | MOTIONS FOR SUMMARY JUDGMENT |
| v. | ) | AND STRIKING STATUS |
| | ) | CONFERENCE |
| KLICKITAT COUNTY, and CITY of | ) | |
| GOLDENDALE, | ) | |
| | ) | |
| Defendants. | | |

On December 21, 2009, the Court heard oral argument on defendants' motion for summary judgment (Ct. Recs. 38, 49) set for oral argument at defendants' request. (Ct. Recs. 45, 59, 60.) Lonnie Davis, attorney for plaintiff, did not appear at the hearing in person or telephonically. Patrick Moberg appeared telephonically on behalf of defendant Klickitat County. Michael Bolasina appeared in person on behalf of defendant City of Goldendale. The parties consented to have the matter decided by a Magistrate Judge. (Ct. Rec. 10.)

Plaintiff is an incomplete paraplegic and uses a wheelchair. (Ct. Rec. 50 at 2, 62 at 2.) He alleges he was discriminated against because of his disability when he was incarcerated in the

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT - 1

Klickitat County Jail from October 23, 2005,[1] through October 25, 2005 (Ct. Rec. 1 at ¶ 5). He alleges his rights under Title II of the Americans with Disabilities Act (ADA)[2], the 1973 Rehabilitation Act[3], and RCW 49.60[4] were violated when Mr. Foley was jailed following arrest for animal cruelty, obstructing a public servant, and carrying a firearm in a prohibited place. (Ct. Recs. 39 at 1, 50 at 3-4.)

Background

[Except as noted, the facts are taken from Ct. Rec. 50.] The events giving rise to this action took place on October 23, 2005, after Mr. Foley was booked into the Klickitat County Jail just after two a.m. (Ct. Rec. 50 at 4.)

Plaintiff alleges at the jail he was handcuffed, dumped or pushed from his wheelchair onto the floor of the cell, taunted, embarrassed and denied access to adequate bedding, medication, a toilet, and medical toileting equipment. He alleges he was forced to soil himself as a result of the treatment he received. (Ct. Rec. 1 at 3-4: Ct. Rec. 40 at 10.)

Defendants allege there are no facts supporting any of plaintiff's claims. (Ct. Rec. 39 at 2-3 – City of Goldendale; Ct. Rec. 51 at 1 – Klickitat County.)

Procedurally, the City moved for summary judgment on

---

[1] Plaintiff was placed in a holding cell at 2:38 a.m. on October 23, 2005, and released at 5:28 p.m. on Tuesday, October 25, 2005. (Ct. Rec. 50 at 4.)

[2] 42 U.S.C. § 12132.

[3] 29 U.S.C. § 794.

[4] RCW 49.60, Washington's Law Against Discrimination.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT - 2

September 22, 2009; the County, on October 5, 2009 (Ct. Rec. 49). The Court ordered plaintiff to respond to all pending dispositive motions by November 24, 2009. (Ct. Rec. 47 at 2.) As the City correctly observes, plaintiff did not file an opposing brief; instead, on December 7, 2009, he filed two untimely declarations. (Ct. Rec. 64 at 2, referring to Ct. Recs. 66 and 67.) Defendants jointly moved to strike the declarations as timely, asserting they were prejudiced by plaintiff's late filing because they did not have plaintiff's response to review before they were required to file their replies. (Ct. Rec. 68, 74.)

The Court granted defendants' motion to strike because plaintiff violated local motion rule LR 7.1 and summary judgment rule 56.1(b). (Ct. Rec. 75.) LR 7.1(e) provides that a failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an order adverse to the party in default. Fed. R. Civ. P. 56.1(b) required plaintiff to set forth the specific facts which he asserts establish a genuine issue of material fact precluding summary judgment. Because plaintiff failed to do so, the Court is allowed pursuant to LR 56.1(d) to assume the facts as claimed by defendants are admitted to exist. (Ct. Rec. 75). The Court deems all uncontroverted and/or improperly controverted facts alleged by defendants as admitted. (Id.)

II. <u>Claims</u>

As noted, on September 22, 2009, defendant City of Goldendale (City) moved for summary judgment seeking dismissal of all claims

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT - 3

with prejudice (Ct. Rec. 38). On October 5, 2009, defendant Klickitat County (County) filed a motion for summary judgment seeking the same relief (Ct. Rec. 49). Plaintiff alleges his rights protected by the ADA, the 1973 Rehabilitation Act (RA), and Washington's anti-discrimination law (WLAD) were violated by the conditions of his incarceration in October of 2005.

III. Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id*. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*.

In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475 U.S. at 586 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the "purpose of summary

judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

IV. <u>Discussion</u>

Plaintiff alleges he was harmed when his rights protected by federal and state law were violated due to his handicap during his incarceration.

A. <u>ADA claim</u>

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT - 6

Plaintiff alleges two police officers from the city of Goldendale arrested him, handcuffed him, and "then pushed Plaintiff out of his wheelchair." He alleges they both taunted him by "telling him to get back into his wheelchair." (Ct. Rec. 1 at 3.) Plaintiff states he was placed in a holding cell and "immediately told the police officers that he needed special equipment for toileting and hygiene, but the officers told him they did not care about his needs." (Id.) Plaintiff alleges he was not placed in a handicap accessible jail cell and soiled himself as a result of the officers' failure to accommodate his special needs. (Ct. Rec. 1 at 3-4.)

The City counters because plaintiff was booked and supervised "only by jail personnel," the City has no liability with respect to Mr. Foley's four[5] jail accommodation claims (lack of access to adequate bedding, medication, toilet facilities and medical toileting equipment). Second, the City argues Title II of the ADA does not apply to arrest. Accordingly, the City argues, plaintiff fails to establish the City's liability for his ADA claim. (Ct. Rec. 39 at 7.)

The relevant portion of Title II states:

"no individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public

---

[5] Mr. Foley originally alleged defendants denied him adequate access to a shower, because although he was allowed to use a shower room, he was required to shower seated in his wheelchair due to the lack of handrails. (Ct. Rec. 1 at 4.) At oral argument defendant County pointed out out plaintiff was able to shower. Mr. Foley admitted in his deposition he used a special chair for showering. The County's argument is, in essence, unrefuted.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT - 7

entity, or be subject to discrimination by any such entity."
42 U.S.C. § 12132.

The City asserts it does not own, operate, supervise, staff, or maintain the Klickitat County Jail, and had no role in Mr. Foley's accommodations during incarceration. (Ct. Rec. 39 at 7.) The City seeks dismissal of this claim contending plaintiff fails to shows any basis for the City's liability. (Id.)

To the extent plaintiff alleges the City violated his rights protected by the ADA during his incarceration, the City is correct. Plaintiff fails to establish a basis for the City's liability as to his accommodation claims under the ADA.

The City argues, alternatively, its only contact with Mr. Foley was his arrest and he does not challenge his arrest. Citing *Hainze* and *Rosen*[6], the City further argues Title II of the ADA does not apply to arrests. (Ct. Rec. 39 at 8.) The Court agrees categorizing a criminal suspect's arrest as a denial of the benefit of "a service or activity" strains the language of the ADA past its breaking point. *See Patrice v. Murphy*, 43 F.Supp.2d 1156, 1159-1160 (W.D. Wash. 1999), and *Rosen*, 121 F.3d at 157. An arrest is not the type of "service, program or activity" contemplated by the ADA. Accordingly, the City's motion for summary judgment (Ct. Rec. 38) as to plaintiff's ADA claim is **GRANTED.**

The County asserts Mr. Foley fails to establish a violation of his rights under the ADA. Specifically, the County argues Mr. Foley fails to meet his burden of showing (1) he was

---

[6] *Hainze v. Richards*, 207 F.3d 795 (5th Cir. 2000), and *Rosen v. Montgomery Co., Maryland*, 121 F.3d 154 (4th Cir. 1997).

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT - 8

excluded from or denied the benefit of any service provided by the jail; (2) the jail received federal funding; and (3) there is evidence of deliberate indifference and intentionally inflicted damages. With respect to injunctive relief under the ADA, the County is correct Mr. Foley's claim must be dismissed as moot because he was released from jail. (Ct. Rec. 51 at 19); *see e.g., Johnson v. Moore*, 948 F.2d 517, 517 (9th Cir. 1991).

The first requirement is dispositive. The County is correct that plaintiff fails to show he was denied hygiene services with respect to showering and toilet access in the jail. The record shows Mr. Foley admits he was allowed to use a handicap accessible bathroom in the jail lobby. (Ct. Rec. 50 at ¶ 39, citing Foley dep. at p.49, lines 4-9; 60 at 4.) He admits the jail gave him the medical equipment he needed for toileting. (Ct. Rec. 50 at ¶ 35, citing Foley dep. at p.158, lines 11-12.) Mr. Foley was given a special chair for the toilet and shower; he admits using it safely. (Ct. Rec. 50 at ¶ 36, citing Foley dep. at p.162, lines 14-24). He was given a catheter, urostomy bag and clean diaper within 90 minutes of being placed in confinement. (Ct. Rec. 60 at 4-5.) Plaintiff admits he showered in the jail. (Ct. Rec. 50 at ¶ 43, citing Foley dep. At p.167, lines 8-9.)

Mr. Foley admits receiving his medication in the jail. (Ct. Rec. 50 at ¶ 28, citing Foley dep. at p.170, lines 10-15, p.173, lines 11-12.) The record shows he was given two blankets. (Ct. Rec. 54 at 35.)

Plaintiff fails to establish he was denied services provided by the jail.

Although Mr. Foley establishes the ADA's first requirement,

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT - 9

that he is an individual with a disability, he fails to establish he was excluded from participation in or denial of the benefits of services, or that he was otherwise discriminated against solely based on his disability.

On this record, no violation of plaintiff's rights under the ADA is established. The County's motion for summary judgment with respect to plaintiff's ADA claim (Ct. Rec. 49) is therefore **GRANTED**.

B. Rehabilitation Act of 1973

Plaintiff asserts defendants violated his rights protected by 29 U.S.C. ¶ 794, the Rehabilitation Act of 1973 (RA), when he suffered the same deprivations he alleges under the ADA. (Ct. Rec. 1 at 5-6.) The Act provides, in pertinent part:

"No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . " In order to state a valid claim, plaintiff must therefore show that: (1) he is an "otherwise qualified individual with a disability"; (2) he was subjected to discrimination; and (3) the entity that engaged in discrimination received federal financial assistance. *See Duffy v. Riveland*, 98 F.3d 447 (9th Cir. 1996).

Defendant City asserts (and it is unrefuted) no federal funding they receive was used to support any police department operations related to Mr. Foley's arrest. (Ct. Rec. 40 at ¶ 66.) The Ninth Circuit has opined it is unlikely the RA would apply beyond the program actually receiving the federal assistance. *See*

*Herman v. United Bhd. Of Carpenters*, 60 F.3d 1375, 1382 at n. 3 (9th Cir. 1995).  As the City's argument is unrefuted, they demonstrate the absence of a genuine issue of material fact, and are entitled to summary judgment as a matter of law with respect to the RA claim. The City's motion for summary judgment on the RA claim (Ct. Rec. 38) is **GRANTED**.

Defendant County argues, as they did with respect to the ADA claim, plaintiff was not subjected to discrimination while incarcerated because the accommodations offered were reasonable. (Ct. Rec. 51 at 10-13) and, even if plaintiff shows discrimination, he fails to meet even his minimal evidentiary burden of showing any discrimination was solely because of his disability. (Ct. Rec. 51 at 13-16, citing, in part, *Pfaff v. Washington*, WL 5142805 *11-12 (W.D. Wash., 2008).

For the reasons stated in the preceding ADA section, Mr. Foley's claim under the RA similarly fails. Plaintiff does not establish the accommodations offered were in any way unreasonable. *See e.g.*, Ct. Rec. 51 at 15 (jailers who provided toileting equipment did not witness any signs of soiling; plaintiff wore a diaper when he was arrested). Plaintiff offers no evidence refuting the County's assertion it received no federal funding, as his burden under the RA (Ct. Rec. 51 at 16). *See Weinreich v. Metropolitan Transp. Authority,* 114 F.3d 976,978 (9th Cir. 1997)(elements of an RA claim).  And, for purposes of recovering monetary damages, plaintiff fails to show deliberate indifference. *Duvall v. Kitsap County*, 260 F.3d 1124, 1138 (9th Cir. 2001). The County demonstrates the absence of a genuine issue of material fact, and that they are entitled to summary judgment as a matter

1  of law. Accordingly, defendant County's motion for summary
2  judgment (Ct. Rec. 49) is **GRANTED** as to plaintiff's RA claim.

C.   Washington's Law Against Discrimination

   Plaintiff alleges he suffered discriminatory treatment in violation of RCW 49.60.030 and RCW 49.60.215 (WLAD) (Ct. Rec. 1 at 6-7).

   The City argues an arrest is not a service protected by the WLAD (Ct. Rec. 39 at 19, citing *Fell v. Spokane Transit Authority*, 911 P.2d 1319,1329 (Wash. 1996).

   R.C.W. 49.60.030, "Freedom from Discrimination - Declaration of civil rights," states: "The right to be free from discrimination because of race, creed, color, national origin, sex, or the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right." R.C.W. 46.60.030(1993).

   R.C.W." 49.60.215, "Unfair practices of places of public resort, accommodation, assemblage, amusement", states:

   "It shall be an unfair practice for any person or the person's agent or employee to commit an act which directly or indirectly results in any distinction, restriction, or discrimination . . . or the refusing or withholding from any person the admission, patronage, custom, presence, frequenting, dwelling, staying or lodging in any place of public resort, accommodation, assemblage, or amusement, except for conditions and limitations established by law and applicable to all person, regardless of race, creed, color, national origin, sex, the presence of any sensory, mental, or physical disability . . ."

R.C.W. 49.60.215 (1993).

To establish a prima facie case, plaintiff must establish four elements: (1) a disability; (2) defendant's establishment is a place of public accommodation; (3) defendant discriminated against plaintiff by providing treatment that was not comparable to that provided to the non-disabled; and (4) the disability was a substantial factor in causing the discrimination. *Negron v. Snoqualmie Valley Hosp.*, 86 Wn. App. 579, 581 (1997) (as amended).

Plaintiff offers no basis for this Court to conclude a county jail is a place of public accommodation under the WLAD. The record shows See Ct. Rec. 53 at 11: "the Klickitat County Jail is not a place of public accommodation under Washington law" (Ct. Rec. 40 at ¶ 68); the state Human Rights Commission denied Mr. Foley's charge against Klickitat County for lack of jurisdiction, because the jail "is not a place of public accommodation under Washington law." (Ct. Rec. 41 at ¶ 7.) To date, *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 209 (1998), does not extent to county jails.

Based on the material facts in the record, plaintiff is not able to establish any of his three claims. It is therefore ordered that defendants' motions for summary judgment be granted and that judgment be entered, as a matter of law, in favor of defendants and against plaintiff on plaintiff's claims of violations of his rights pursuant to federal and state law.

V. <u>Conclusion</u>

For the reasons discussed above, defendants' motions for summary judgment (**Ct. Recs. 38, 49**) are **GRANTED**. Plaintiff's complaint is dismissed with prejudice.

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT - 13

**IT IS ORDERED:**

1. Defendants' motions for summary judgment (**Ct. Recs. 38, 49**) are **GRANTED**.

2. Plaintiff's complaint is dismissed with prejudice.

3. The status hearing on January 21, 2010 at 10 a.m. (Ct. Rec. 47) is **STRICKEN AS MOOT**.

The District Court Executive is directed to enter this Order, forward copies to the parties, and CLOSE the file.

DATED this 30th day of December, 2009.

> _S/James P. Hutton_
> JAMES P. HUTTON
> UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT - 14